# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3975

_____

Susan Rae Berkovitz,

            Appellant,

    v.

State of Minnesota,

            Appellee.

\*  
\*  
\*  
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*  
\*   [PUBLISHED]
\*  

_____

Submitted: September 24, 2007
Filed: October 16, 2007

_____

Before BYE, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Susan Rae Berkovitz appeals the district court's[1] denial of her petition for habeas relief under 28 U.S.C. § 2254. Berkovitz argues she did not knowingly and voluntarily waive her constitutional right to testify at trial because of undue influence and coercion by her appointed counsel. Having jurisdiction under 28 U.S.C. § 2253(a), this court affirms.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

On the merits of a habeas petition, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *Frey v. Schuetzle*, 151 F.3d 893, 897 (8th Cir. 1998). Under section 2254, habeas relief is granted "only if the adjudication by the state courts 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law' or 'resulted in a decision that was based on an unreasonable determination of the facts.'" *Kenley v. Bowersox*, 275 F.3d 709, 711 (8th Cir. 2002), *citing* 28 U.S.C. § 2254(d) (2006).

A criminal defendant has a constitutional right to testify on her behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-53 (1987). Only the defendant may waive her right to testify, and the waiver must be made voluntarily and knowingly. *Frey*, 151 F.3d at 898.

Here, Berkovitz voluntarily and knowingly waived her right to testify. She was not unduly influenced or coerced when her trial counsels stated that they were a "hundred five percent sure" that she should not testify and "[i]f we should allow you to testify we are going to lose." Berkovitz admitted she received a letter from her trial counsel specifically stating that she had the right to testify. The trial court, on the record, made sure that Berkovitz understood that she had both the right to testify and the right to remain silent. Moreover, Berkovitz remained silent after her trial counsel rested. *See id.* ("We have previously held that a knowing and voluntary waiver of the right may be found based on a defendant's silence when his counsel rests without calling him to testify").

Berkovitz also argues that this court should adopt a bright-line rule requiring all defendants who do not testify to waive this right to testify on the record. This court declines to adopt such a rule. *See United States v. Glenn*, 389 F.3d 283, 287 (1st Cir. 2004); *Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997); *United States v. Leggett*, 162 F.3d 237, 246 (3d Cir. 1998); *United States v. Richardson*, 195 F.3d 192, 197-98 (4th Cir. 1999); *United States v. Brown*, 217 F.3d 247, 258 (5th Cir. 2000); *United States v. Stover*, 474 F.3d 904, 908 (6th Cir. 2007); *United States v. Manjarrez*, 258 F.3d

618, 623 (7th Cir. 2001); *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993); *United States v. Janoe*, 720 F.2d 1156, 1161 (10th Cir. 1983); *United States v. Van De Walker*, 141 F.3d 1451, 1452 (11th Cir. 1998); *United States v. Ortiz*, 82 F.3d 1066, 1071 (D.C. Cir. 1996)

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____