# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 09-3788

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Reginald Scott Hubbard, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 2010
Filed: April 20, 2011

_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

A jury found Reginald Scott Hubbard guilty on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced Hubbard to 96 months' imprisonment. On appeal, Hubbard argues that (1) he was deprived of the effective assistance of counsel because his trial counsel told him that the district court would not allow him to testify in his own defense and (2) the district court abused its discretion by imposing a sentence that was substantively unreasonable. For the following reasons, we affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

## I. *Background*

On June 18, 2008, the Minneapolis Police Department executed a search warrant at Hubbard's apartment and found Hubbard with his adult son. In searching the apartment, police found a semi-automatic pistol, a digital scale, and marijuana. The police arrested him for suspected weapons and narcotics violations. The police also arrested his son for a suspected narcotics violation. Subsequent to his arrest, Hubbard admitted, on four separate occasions, to owning the gun. One of these admissions occurred after police informed him that they had released his son from jail because he had "no connection" to the suspected crimes.

A grand jury indicted Hubbard on one count of being a felon in possession of a firearm, in violation of §§ 922(g)(1) and 924(a)(2). Hubbard pleaded not guilty and proceeded to a jury trial. Immediately before the trial started, outside the presence of the jury, the district court informed Hubbard of his right to testify:

> THE COURT: . . . If you wish to testify, if you have a story or you have something you want the jury to hear from you, nobody can stop you. Your lawyer cannot stop you and the prosecutor can't and I can't. That means you don't have to testify if you don't want to, but you absolutely can if you like, it is purely your choice. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: The decision whether or not for a criminal defendant to testify in a trial is an important one. I know you will discuss it with your lawyer. I'm not asking you now what your choice is, I don't care, that's your privilege. But I wanted to make sure that formally you understood your rights. Okay?
>
> THE DEFENDANT: Okay.

Following the close of the government's case, Hubbard's trial counsel rested the defense's case without calling Hubbard to testify. The record reflects that Hubbard did not voice any objections or otherwise request to testify.

After the jury returned a guilty verdict, Hubbard filed a pro se motion to relieve his appointed trial counsel and a pro se motion for new trial, in which he alleged, among other things, that he was denied effective assistance of counsel. The district court appointed new counsel, who filed a motion for an evidentiary hearing on Hubbard's claims.

At the evidentiary hearing on Hubbard's motion for new trial, Hubbard's new appointed counsel stated that Hubbard believed that, during trial, the district court held a sidebar with Hubbard's trial counsel and the government attorney; after this sidebar, Hubbard's trial counsel told Hubbard that the court would not allow him to testify.[2] Hubbard then testified at the hearing. He acknowledged that the court had informed him of his right to testify and that he understood that no one could prevent him from testifying. He also stated that, after the government rested its case, he informed his trial counsel that he wanted to testify, but his trial counsel informed him that the court would not allow him to take the stand. In addition, he stated that the court "told the jury [it] was shocked" when his trial counsel rested the defense's case.[3] When asked, Hubbard could not explain why he did not protest when his trial attorney rested without calling him to testify. Tammy Pettis, Hubbard's fiancée, also testified at the hearing. She stated that she was prepared to testify in Hubbard's

_____

[2]A review of the trial transcript does not reveal any record of this alleged bench conference. At the evidentiary hearing, the district court stated that it has "never had a bench conference without a record." Indeed, the trial transcript does reflect two bench conferences, both of which were unrelated to whether Hubbard could testify at trial.

[3]No such statement by the district court appears in the trial transcript.

defense, but Hubbard's trial counsel informed her that the district court would not allow her to testify either.

At a subsequent sentencing hearing, the district court addressed Hubbard's motion for a new trial, expressly finding Hubbard and his fiancée not credible. The court then denied Hubbard's motion for a new trial.

At sentencing, the district court first calculated the advisory Sentencing Guidelines range, explicitly noting that the Guidelines are "effectively advisory." The court adopted the findings in the presentence investigation report, but it declined the government's request to impose a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing the gun in connection with another felony offense. Accordingly, the court found that Hubbard had a total offense level of 24 and a criminal history category of IV, yielding a Guidelines range of 77 to 96 months.

The district court then allowed Hubbard to speak. During his allocution, Hubbard primarily attempted to demonstrate that he had never possessed the firearm. After hearing the government's sentencing argument, the court sentenced Hubbard to 96 months' imprisonment—the top of the Guidelines range—taking into account his prior criminality and current mendacity. In addition, the court's judgment recommended that Hubbard participate in a drug treatment program.

## II. *Discussion*

Hubbard raises two arguments on appeal. First, he asserts that he was deprived of the effective assistance of counsel because his trial counsel told him that the district court would not allow him to testify in his own defense. Second, he contends that the district court abused its discretion by imposing a sentence that was substantively unreasonable. We address each argument in turn.

A. *Ineffective Assistance of Counsel*

Hubbard first argues that he was deprived of the effective assistance of counsel because his trial counsel told him that the district court would not allow him to testify in his own defense. Although he concedes that the district court informed him of his right to do so, he claims that his counsel's statement later deprived him of that right. This ineffectiveness prejudiced him, he asserts, because his testimony was "his only chance to secure a not guilty verdict" because he needed to explain to the jury why he had confessed to owning the firearm.

Claims of ineffective assistance of counsel are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Lewis*, 483 F.3d 871, 873 n.2 (8th Cir. 2007). "We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). When the defendant raises an ineffective assistance claim in a motion for new trial, we have, on occasion, found that the trial court developed a record "sufficient to examine counsel's performance." *United States v. Villalpando*, 259 F.3d 934, 938 (8th Cir. 2001) (noting that, although the district court did not conduct a hearing, the court was able to observe trial counsel's "poor" representation at trial); *see also United States v. Williams*, 562 F.3d 938, 940–41 (8th Cir. 2009) (finding a sufficiently developed record when potential trial witnesses testified at the post-trial hearing); *United States v. Williams*, 897 F.2d 1430, 1434 (8th Cir. 1990) (finding a sufficiently developed record when trial counsel and an investigator testified at a post-trial hearing that they contacted a potential witness whose testimony would not have affected the outcome of the case).

Here, the district court sufficiently developed the record on Hubbard's ineffective-assistance-of-counsel claim to enable our review. Hubbard raised his claim in a motion for new trial, and the district court held an evidentiary hearing on

the matter. Hubbard admitted that the district court had informed him of his right to testify at trial and that he understood that no one, including his attorney, could prevent him from doing so. Nonetheless, Hubbard and his fiancée, Pettis, both testified that Hubbard's trial counsel told them that the district court would not let them testify at trial. The district court, however, concluded that Hubbard and Pettis were not credible, finding that Hubbard's testimony was unsupported or even contradicted by the record. Although testimony from Hubbard's trial counsel might have been helpful to conclusively determine whether she made these statements, her testimony is not necessary given the unreliability of Hubbard's and Pettis's testimony. Accordingly, this record is sufficient to evaluate Hubbard's ineffective-assistance claim.

We review the district court's denial of a motion for new trial based on ineffective assistance of counsel for abuse of discretion. *Villalpando*, 259 F.3d at 938. "In order to establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonable competence, and that the deficient performance prejudiced the defendant." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Hubbard was not denied the effective assistance of counsel. He has failed to establish the first prong for an ineffective-assistance-of-counsel claim under *Strickland*. Hubbard conceded at the evidentiary hearing that the court fully informed him of his right to testify. Absent a showing that his trial counsel "unduly influenced or coerced" him not to testify, Hubbard waived his right to testify by remaining silent after his trial counsel rested without calling him as a witness. *Berkovitz v. Minnesota*, 505 F.3d 827, 828 (8th Cir. 2007) (per curiam) (finding that the defendant knowingly waived her right to testify by remaining silent after her trial counsel rested, even though her trial counsel strongly advised her not to testify). Hubbard's only evidence of such influence or coercion was his and Pettis's testimony that his trial counsel told them that the district court would not let them testify. The district court, however,

found that their testimony was not credible, a finding that is "virtually unassailable on appeal." *United States v. Bolden*, 596 F.3d 976, 982 (8th Cir. 2010) (quotation and citation omitted). The record supports the district court's finding. Hubbard cites no evidence to support his claim about a bench conference discussing his ability to testify or his claim that the court expressed its shock to the jury when the defense rested without calling Hubbard to testify. Accordingly, the district court did not abuse its discretion in denying Hubbard's motion for new trial based on ineffective assistance of counsel.

B. *Substantive Reasonableness of the Sentence Imposed*

Hubbard next contends that the district court abused its discretion by imposing a substantively unreasonable sentence. He maintains that the district court should not have considered his criminal history when determining his sentence under 18 U.S.C. § 3553(a) because the Guidelines had already taken his criminal history into account when calculating the applicable Guidelines range.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (internal quotations and citations omitted). "We 'must first ensure that the district court committed no significant procedural error,'" including "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Because Hubbard has not alleged any form of procedural error, "we bypass the first part of our review and move directly to review the substantive reasonableness of his sentence." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). We

review the substantive reasonableness of the sentence imposed using a deferential abuse-of-discretion standard. *Feemster*, 572 F.3d at 461. In making this determination, this court must "take into account the totality of the circumstances." *Id.* If the sentence imposed is within the advisory Guidelines range, this court "may, but is not required to, apply a presumption of reasonableness." *Gall*, 552 U.S. at 51. The district court should make "an individualized assessment based on the facts presented, specifically addressing the defendant's proffered information in its consideration of the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Jordan*, 573 F.3d 586, 590 (8th Cir. 2009) (internal quotations, citations, and alterations omitted).

The district court did not abuse its discretion in imposing a sentence at the top of the applicable Guidelines range. Hubbard cites no authority for his assertion that a court may not consider a defendant's criminal history separately from the calculation of the applicable Guidelines range. In contrast, the language of § 3553(a) requires a sentencing court to consider, among other things, "the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant" along with the applicable sentence recommended by the Guidelines. 18 U.S.C. § 3553(a)(1), (a)(2)(C) and (a)(4)(A). Here, the court considered Hubbard's criminal history as one of several factors justifying a sentence at the top of the applicable Guidelines range. The record demonstrates that the court made an individualized assessment of Hubbard, considering letters, memoranda, and oral arguments he submitted to the court. Hubbard has not demonstrated that his within-Guidelines sentence should not be entitled to a presumption of reasonableness, and after a careful review of the sentencing record, we conclude that the district court did not abuse its discretion in sentencing Hubbard to 96 months' imprisonment.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

———————————————