# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2496

_____

United States of America,

*Plaintiff - Appellee,*

v.

Mallam Tifah,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 6, 2014
Filed: April 17, 2014
[Unpublished]

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mallam Tifah pleaded guilty to manufacturing and possessing with intent to distribute marijuana, and maintaining a drug-involved premises, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(C), and 856(a)(1). The district court[1] sentenced him to 17 months in prison. In this direct appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which counsel argues that the district court erred in its offense level calculation. Tifah has filed a pro se supplemental brief, in which he argues that the sentence was substantively unreasonable, his counsel was ineffective, and this court should strike the Anders brief. Tifah has also filed a pro se motion requesting records.

Tifah's plea agreement contains an appeal waiver, which we hold is valid and which we will enforce. See United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009) (standard of review). Tifah's challenge to his sentence falls within the scope of the appeal waiver; the record reflects that he knowingly and voluntarily entered into the waiver and the plea agreement; and enforcing the waiver does not result in a miscarriage of justice, as Tifah's 17-month sentence is within the statutory sentencing ranges for his offenses. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc); see also 21 U.S.C. §§ 841(b)(1)(C), 856(b). We decline to consider Tifah's ineffective-assistance claims in this direct appeal. See United States v. Hubbard, 638 F.3d 866, 869 (8th Cir. 2011); United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, the appeal is dismissed, Tifah's pending motion is denied, and counsel's motion to withdraw is granted.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.