# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3148

_____

United States of America

*Plaintiff - Appellee*

v.

Andrea D. Crown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 20, 2014
Filed: June 24, 2014
[Unpublished]

_____

Before LOKEN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Andrea Crown directly appeals after she pleaded guilty to a drug offense and the district court[1] sentenced her to 132 months in prison. In a pro se submission that

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

the court construed as a notice of appeal, Crown raised complaints about her trial counsel, and claimed that before she pleaded guilty, counsel had promised her a sentence far lower than what she received. On appeal, Crown's newly appointed counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that (1) Crown involuntarily entered into her plea agreement, and (2) the attorney who represented her in the proceedings below rendered ineffective assistance.

Neither of these arguments is appropriate for disposition in this direct criminal appeal, however, because neither argument has been developed in proceedings before the district court. See United States v. Hubbard, 638 F.3d 866, 869 (8th Cir. 2011) (this court considers ineffective-assistance claims on direct appeal only if record has been fully developed, counsel's error is readily apparent, or failure to act would amount to plain miscarriage of justice); United States v. Umanzor, 617 F.3d 1053, 1058, 1060-61 (8th Cir. 2010) (constitutional challenge to plea should be brought in 28 U.S.C. § 2255 proceeding, because addressing issue on direct appeal would require speculation about counsel's performance and defendant's knowledge).

Further, we have carefully reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Crown about procedures for seeking rehearing or filing a petition for certiorari.

———————————————————