# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3041

_____

United States of America

*Plaintiff - Appellee*

v.

Reginald Farmer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 3, 2014
Filed: July 11, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Reginald Lamar Farmer guilty of distributing 28 grams or more of cocaine base on February 8, 2012, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possessing with intent to distribute additional cocaine base on February 8, 2012, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possessing marijuana on September 15, 2011, February 8, 2012, and September 22, 2012, in violation of

21 U.S.C. § 844(a). The district court[1] imposed concurrent sentences totaling 120 months in prison and 8 years of supervised release. Counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the reasonableness of the sentence, and the effectiveness of counsel's assistance. Farmer has filed a pro se supplemental brief, challenging the denial of a motion to suppress, the admission of laboratory analysis evidence, and the racial composition of the jury.

This court reviews the sufficiency of the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, accepting all reasonable inferences that support the jury's verdict, neither weighing evidence nor assessing credibility of witnesses. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008); *United States v. Aldridge*, 664 F.3d 705, 715 (8th Cir. 2011). The evidence—which included testimony of officers who searched Farmer's person and vehicle, and seized drugs after observing a hand-to-hand drug transaction in a parking lot in February 2012, and after stopping Farmer's vehicle in September 2011 and 2012 for infractions—was sufficient for the jury to find Farmer guilty of distributing cocaine base, possessing with intent to distribute cocaine base, and possessing marijuana. *See* 21 U.S.C. § 844 (simple possession of controlled substance); *United States v. Wright*, 739 F.3d 1160, 1169 (8th Cir. 2014) (large quantity of narcotics alone provides sufficient circumstantial evidence for jury to infer intent to distribute it); *United States v. Poulack*, 236 F.3d 932, 936 (8th Cir. 2001) (government may show defendant knowingly possessed contraband by showing constructive possession, which is "ownership, dominion, or control over the contraband itself," or over vehicle in which contraband is concealed). Farmer's 120-month sentence, which was at the bottom of the Guidelines range and the statutory minimum for one of the counts in light of Farmer's prior convictions, was

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Judge for the Eastern District of Missouri.

not unreasonable. *See United States v. Feemster*, 572 F.3d 455, 460-61 (8th Cir. 2009) (en banc) (standard of review). This court defers any ineffective-assistance claim for possible proceedings under 28 U.S.C. § 2255. *See United States v. Hubbard*, 638 F.3d 866, 869 (8th Cir. 2011).

As to Farmer's pro se arguments, the district court did not err in denying Farmer's motion to suppress evidence associated with the February 2012 events. *See United States v. Coleman*, 603 F.3d 496, 498-99 (8th Cir. 2010) (standard of review). Farmer offered no grounds to exclude the forensic chemist's testimony concerning her analysis of the substances seized in February 2012. *See United States v. Yarrington*, 634 F.3d 440, 447 (8th Cir. 2011) (appellate court will reverse improper evidentiary ruling only when substantial rights of defendant are affected or when error had more than slight influence on verdict). Farmer did not preserve a challenge to the composition of the jury or the jury pool.

A review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988) reveals no nonfrivolous issues. This court affirms, grants counsel's motion to withdraw, and denies Farmer's request for appointment of new counsel.

———————————————