# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2018
_____

United States of America

*Plaintiff - Appellee*

v.

Javon Dockery

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 29, 2016
Filed: April 29, 2016
[Unpublished]

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Javon Dockery pled guilty to four counts of bank robbery and one count of possession of a firearm in furtherance of a crime of violence arising from a string of armed bank robberies that Dockery perpetrated in Cedar Rapids, Iowa in the spring and summer of 2014. See 18 U.S.C. §§ 2 and 2113(a); 18 U.S.C. § 924(c)(1)(A)(i), (ii). After the last of the robberies, Dockery instructed his accomplice and getaway

car driver, Bria Daudinot, to flee from pursuing police officers. In fleeing, they drove at speeds of up to 60 miles per hour, struck a bridge railing, and damaged three occupied vehicles before crashing. Dockery and Daudinot were then apprehended by police after fleeing on foot. The district court[1] sentenced Dockery to 31 years imprisonment. He now appeals, contending that his sentence is substantively unreasonable. We affirm.

At sentencing, the district court applied the sentencing guidelines and determined that the guidelines range was 135 to 168 months imprisonment for the four bank robbery counts. The court noted that Dockery faced a statutorily mandated consecutive sentence of 84 months imprisonment for his conviction of brandishing a firearm in furtherance of a crime of violence. See § 924(c)(1)(A)(ii). The United States moved for an upward variance to 480 months imprisonment, and Dockery moved for a downward variance. After receiving evidence and the parties' arguments, the district court varied upward by 120 months and sentenced Dockery to a term of imprisonment of 372 months.

Dockery does not allege that the district court committed procedural error with respect to his sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (In reviewing a sentence, the court "must first ensure that the district court committed no significant procedural error."). Instead, he asserts that the sentence is substantively unreasonable. We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

> In conducting this review, we are to take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the defendant's sentence is within the Guidelines range, then we may, but are not required to, apply a presumption of reasonableness.

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

But we are not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range. Instead, we may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole justify the extent of the variance. We *may not* require 'extraordinary' circumstances to justify a sentence outside the Guidelines and are prohibited from the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence. Just because we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (internal citations and quotation marks omitted).

In asserting that his sentence of 372 months imprisonment is substantively unreasonable, Dockery contends that the district court committed a clear error in weighing the 18 U.S.C. § 3553(a) factors by: (1) taking into account Dockery's conduct in brandishing a firearm during the final bank robbery when this factor is already accounted for in the 84 month sentence imposed for possession of a firearm in furtherance of a crime of violence; (2) considering Dockery's conduct with respect to the police chase after the final armed bank robbery when such conduct is already accounted for by a two-level increase in offense level imposed for obstruction of justice and a two-level increase in the offense level for supervising Daudinot; (3) considering as an aggravating factor Dockery's involvement in a 2008 South Holland, Illinois murder and attempted murder for which he had been acquitted in state court despite the fact that he spent approximately four and one-half years in pre-trial confinement awaiting trial on those charges; (4) considering as an aggravating factor Dockery's involvement in a post presentence report jail fight although he had already received administrative discipline from the detention center for his involvement; (5) concluding that Dockery failed to express remorse for his crimes or sympathy for the victims during allocution, although the district court had explained

that Dockery was not required to "say one word unless you want to;" and (6) considering as aggravating factors Dockery's recidivism and dangerousness to the community although those factors were already accounted for in the calculation of Dockery's criminal history category.

The district court conducted an extensive sentencing hearing, took evidence, and considered argument of counsel, which embraced all of the § 3553(a) factors. The court then expressly discussed all of the § 3553(a) factors and concluded that the advisory guidelines range did not adequately reflect the seriousness of Dockery's criminal conduct, promote respect for the law, serve as a deterrent, or protect the public. The court addressed the fact that Dockery's offense conduct consisted of the commission of multiple armed bank robberies endangering 17 victims, which included those endangered on the highway as a result of the high speed chase Dockery and his accomplice engaged in as they attempted to elude law enforcement. The district court made a further individualized assessment in evaluating Dockery's history and characteristics when it noted Dockery's involvement in the planning and perpetration of the 2008 Illinois murder and attempted murder, as well as his involvement in a presentencing jail fight in which Dockery fashioned and used a sharp weapon made out of a tooth brush.

Dockery offers no authority for the proposition that the district court committed a clear error of judgment in considering aggravating factors which may have been taken into account in the calculation of the sentencing guidelines range. Indeed "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012); see also United States v. Hubbard, 638 F.3d 866, 871 (8th Cir. 2011) (sentencing court may consider defendant's criminal history separate from the calculation of Guidelines Range).

Further, Dockery cites no authority, and we know of none, for the proposition that because he was detained prior to the state court murder trial, the district court was barred from considering his involvement in the planning and execution of the murder and attempted murder, or, that any administrative discipline he may have sustained bars the district court from considering his perpetration of the jail assault. See United States v. Whiting, 522 F.3d 845, 850 (8th Cir. 2008) ("The sentencing court is not prohibited from considering uncharged or acquitted conduct.").

Finally, although Dockery was not required to make any statement to the district court prior to sentencing, the fact remains that he did, stating only that he took "full responsibility" for his actions. Therefore, the district court was warranted in noting the absence of any indication of remorse or sympathy for the victims of his crimes. United States v. French, 719 F.3d 1002, 1009 (8th Cir. 2013) (substantive reasonableness of sentence was supported by district court's finding that defendant demonstrated a lack of remorse and unwillingness to take responsibility for his actions).

Accordingly, we affirm the judgment of the district court.

_____