# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4188

_____

United States of America

*Plaintiff - Appellee*

v.

Chad M. Saeugling

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: December 11, 2017
Filed: February 9, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Chad M. Saeugling pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and two counts of false statement to a financial institution in violation

of 18 U.S.C. § 1014. The district court[1] sentenced Saeugling to 78 months' imprisonment. Saeugling appeals his sentence, arguing that the district court erred in applying a two-level increase to his offense level for being "an organizer, leader, manager, or supervisor in any criminal activity" under the United States Sentencing Guidelines Manual (Guidelines or U.S.S.G.) § 3B1.1(c). Because the district court did not err in applying the increase and because any alleged error was harmless, we affirm.

Saeugling worked for Swiss Colony, Inc., a catalogue sales business, from December 2004 to August 2014. During his time with Swiss Colony, Saeugling accounted for the company's inventory at a warehouse in Peosta, Iowa. Around 2009, Saeugling began stealing merchandise from the warehouse and selling it on eBay. Saeugling concealed his theft by adjusting Swiss Colony's inventory records—making it appear that the stolen merchandise had been used for a legitimate purpose. Upon discovering Saeugling's scheme, Swiss Colony fired him. Shortly thereafter, Saeugling began withdrawing money from his PayPal account, which he had used to accept payment for the stolen merchandise.

A few months after his firing, Saeugling applied for a mortgage loan with Dupaco Community Credit Union to purchase his father's home. Saeugling wrote in the loan application that his father, Clark Saeugling (Clark), would provide a $22,000 cash gift to help Saeugling and his wife qualify for the loan. To satisfy Dupaco's underwriting requirements, Saeugling and Clark signed a Gift Deposit Verification, confirming that Clark had given Saeugling the $22,000 as a gift. In reality, however, Saeugling had given Clark the money days earlier and instructed him on how to deposit the money in an attempt to disguise its source.

---

[1]The Honorable Linda R. Reade, then Chief Judge, United States District Court for the Northern District of Iowa.

The parties disputed at sentencing whether Saeugling should receive a two-level sentencing enhancement for his role in the offense under Guidelines § 3B1.1(c). Saeugling argued that the enhancement is not appropriate in a sole criminal actor case. The district court overruled the objection, explaining that "[a]t a minimum, [Saeugling's] father was a participant in this criminal activity." The court then sentenced Saeugling to 78 months' imprisonment—the top of his advisory guidelines range.

Under Guidelines § 3B1.1(c), a two-level offense level enhancement may be imposed if the defendant organized, led, managed, or supervised another participant in any criminal activity. The Guidelines define a participant as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense . . . is not a participant." U.S.S.G. § 3B1.1 cmt. n.1.

Saeugling argues that Clark was not criminally responsible for any of the crimes alleged in the information. Saeugling cites United States v. Mentzos, 462 F.3d 830, 842 (8th Cir. 2006), which explained that "third parties who are unwitting participants" in a crime are not participants under § 3B1.1(c). Here, however, Clark was not an unwitting participant. To commit the crime of false statement to a financial institution, a person must "knowingly make[] any false statement or report . . . for the purpose of influencing in any way the action of . . . a Federal credit union . . . upon any application." 18 U.S.C. § 1014. The district court concluded from the factual basis statement in the plea agreement and the signed Gift Deposit Verification that the $22,000 was not a gift, that Clark knew that he was submitting the false verification to Dupaco, and that the verification was required as a condition to granting the loan. Additionally, the district court found to be false Saeugling's statement that Dupaco employees had instructed him in the manner in which the $22,000 was to be deposited.

Furthermore, we conclude that any error in applying the two-level increase was harmless. In United States v. LaRoche, 700 F.3d 363 (8th Cir. 2012), we explained that "[a] procedural error does not require reversal if the court 'specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding.'" Id. at 365 (quoting United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012)). The district court made the following statement at sentencing:

> I would make the record that even if the Court erred in the computation of the advisory guidelines, which I don't think I did, but if I did, I would impose a nonguideline sentence based on the other factors. . . . I would impose the very same sentence. So if there's a guideline error, it did not affect my judgment as to what this sentence is. It's sufficient but not greater than necessary to achieve the goals of sentencing.

The other factors alluded to by the district court included Saeugling's false statements to Dupaco, his false statements on his tax returns, his false statements to the Probation Office, the additional crime of money laundering that he could have been charged with, and his "poor performance on pretrial" release.[2]

Finally, Saeugling argues that his counsel was ineffective at sentencing and in preparation for sentencing. We decline to address this issue on direct appeal. As we explained in United States v. Thompson, 690 F.3d 977, 992 (8th Cir. 2012), a claim of ineffective assistance of counsel is "generally best litigated in collateral proceedings." Id. (quoting United States v. Hubbard, 638 F.3d 866, 869 (8th Cir. 2011) (internal quotation marks omitted)). A defendant may raise the argument on direct appeal only "where the record has been fully developed, where not to act would

---

[2]It should go without saying that Saeugling's argument that his sentence is substantively unreasonable fails on its face in light of the district court's thorough consideration of the relevant sentencing factors. See United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014) (standard of review).

amount to a plain miscarriage of justice, or where counsel's error is readily apparent." Id. (quoting Hubbard, 638 F.3d at 869) (internal quotation marks omitted). None of those circumstances are present here.

The sentence is affirmed.

_____