**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA HALL,

    Defendant - Appellant.

No. 18-1241
(D.C. Nos. 1:16-CV-01504-REB and
1:05-CR-00425-REB-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Joshua Hall appeals the district court's order denying his 28 U.S.C. § 2255

motion. Because we find this case controlled by our recent opinion in *United States v.*

*Bowen*, 936 F.3d 1091 (10th Cir. 2019), we reverse.

**Background**

In 2006, a jury found Hall guilty of witness retaliation, in violation of 18

U.S.C. § 1513(b). The trial court considered witness retaliation a crime of violence

under 18 U.S.C. § 924(c), and the jury found that Hall brandished a firearm during its

commission. Thus, the jury also found Hall guilty of violating § 924(c)(1)(A)(ii),

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

which provides a mandatory minimum sentence of seven years for brandishing a firearm in furtherance of a crime of violence. The jury convicted Hall's codefendant, Aaron Bowen, of the same crimes. *See Bowen*, 936 F.3d at 1095.

In 2016, Hall and Bowen filed § 2255 motions, arguing that they were convicted under § 924(c)'s residual clause—as opposed to its elements clause—and that this residual clause is unconstitutionally vague. *Bowen*, 936 F.3d at 1096. The district court separately denied both motions. As to Bowen, it found that his motion was untimely. The district court reached the same conclusion as to Hall's motion, and further found that Hall's motion was procedurally barred and, in any event, failed on the merits. Hall and Bowen appealed. *Id.*

Bowen's appeal reached us first, and because their appeals presented the same timeliness issue, Hall moved to abate his appeal pending the resolution of Bowen's. Specifically, Hall argued that "Bowen's appeal presents the question of whether a challenge to § 924(c)'s residual clause is timely under 28 U.S.C. § 2255(f)(3). [Hall's] appeal will present the same question." Mot. to Abate Appeal 2. Hall noted that "[t]he [g]overnment does not object to the relief requested in this [m]otion," and the government did not file a response. *Id.* We granted Hall's motion to abate because *Bowen* "raise[d] an issue substantially similar to an issue the appellant intends to raise in this appeal." Order 1, June 22, 2018. We also directed Hall to file regular status reports, which he did.

While *Bowen* and this case were both pending, the Supreme Court issued *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held that

2

§ 924(c)'s residual clause is unconstitutionally vague. *Id.* at 2336. Hall then filed his Eighth Status Report, arguing that his case should remain abated until this court decided *Bowen* because although *Davis* was not dispositive, *Bowen* would be. We asked the government to respond, and it "agree[d] that this case should remain abated pending this [c]ourt's issuance of a decision in *Bowen*." Resp. to Eighth Status Report 1.

In September 2019, we issued our decision in *Bowen*. We first held that because *Davis* announced a "substantive rule that has retroactive effect in cases on collateral review," Bowen could not be guilty under § 924(c)'s residual clause. Second, we held that a § 1513(b) conviction does not satisfy § 924(c)'s elements clause, so Bowen could not be guilty under that clause either.[1] *Bowen*, 936 F.3d at 1101, 1109. Thus, we found Bowen actually innocent of violating § 924(c). And because the parties agreed that Bowen would be entitled to relief if he was actually innocent, we granted him habeas relief. *Id.* at 1108.

The same day we issued *Bowen*, Hall requested that we lift the abatement of this case. He then moved for summary disposition, which the government opposed. In response, we lifted the abatement, took Hall's motion for summary disposition under advisement, and ordered briefing on the merits.[2]

---

[1] We also specifically found that Bowen was convicted under § 924(c)'s residual clause, not its elements clause. *Bowen*, 936 F.3d at 1108–09. But for now, after *Bowen*, a § 1513(b) conviction cannot serve as the foundation for a valid § 924(c) conviction under either clause. We therefore need not reach this issue here.

[2] Because our ruling is based on the parties' merits briefs, we deny Hall's motion for summary disposition.

**Analysis**

Under our reasoning in *Bowen*, because a § 1513(b) conviction cannot serve as the foundation for a valid § 924(c) conviction, Hall is actually innocent of violating § 924(c)(1). And on appeal, the government states, similar to its agreement in *Bowen*, that it "would waive" its untimeliness and procedural-default arguments if Hall is actually innocent.[3] Aplee. Br. 11. Yet the government argues for the first time in this appeal that *Bowen* does not control because § 1513(b) is divisible, such that Hall is not entitled to habeas relief.[4] The government concedes that it never made this

---

[3] As we did in *Bowen*, we note here "that neither our circuit nor the Supreme Court has definitively resolved whether a claim of actual innocence based on a new statutory interpretation—rather than such a claim based on new evidence—can overcome § 2255's statute of limitations." *Bowen*, 936 F.3d at 1097 n.2. But "we rely on the parties to frame the issues for decision." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Thus, we hold the government to its affirmative waiver of these procedural defenses.

[4] Briefly explained, divisibility affects whether Hall is actually innocent of violating § 924(c) or if, instead, his conviction satisfies § 924(c)'s elements clause. If § 1513(b) is not divisible, as we assumed without deciding in *Bowen*, then Hall is actually innocent under *Bowen*. *See Bowen*, 936 F.3d at 1102 n.5. That is because if the statute is not divisible, we apply the pure categorical approach and ask whether "'the *minimum* "force"'" required for a witness retaliation conviction . . . qualifies as violent force." *Bowen*, 936 F.3d at 1103 (quoting *United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1438 (2018)). And the minimum force required for witness retaliation is threatening or causing property damage, which does not qualify as violent force. *See Bowen*, 936 F.3d at 1103–04. Thus, if the statute is not divisible, then § 1513(b) does not qualify as a crime of violence under either the elements clause or the unconstitutional residual clause of § 924(c), rendering Hall actually innocent. But if the statute is divisible, we apply the *modified* categorical approach and "peer around the statute of conviction and examine certain record documents" to determine whether the defendant was actually convicted of a crime requiring violent force. *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017). Here, those record documents show that Hall was convicted of witness retaliation by threatening and causing bodily injury, which *does* qualify as violent force. *See Bowen*, 936 F.3d at 1103. Thus, if the statute is divisible, then Hall would be guilty of violating § 924(c)'s elements clause

4

argument in *Bowen*. It further concedes that it failed to make this argument in the district court in this case. Indeed, the government did not argue for divisibility at any point before it filed its opposition to Hall's motion for summary disposition. Nevertheless, it urges us to reach and accept its divisibility argument as an alternative basis for affirming the district court's order denying habeas relief. *See United States v. Watson*, 766 F.3d 1219, 1235 (10th Cir. 2014) ("[W]e have discretion . . . to affirm on any ground adequately supported by the record . . . ."). But if we decline to consider this late-blooming divisibility argument, then this case is controlled by *Bowen*, which compels us to find Hall actually innocent.

Hall advances two reasons why we should decline to reach the government's new argument.[5] He first contends that we cannot consider the divisibility argument because the government waived any such argument. *See United States v. Teague*, 443 F.3d 1310, 1315 (10th Cir. 2006) (declining to consider waived argument). Second, Hall argues that even if the government merely forfeited its divisibility argument by failing to raise it below, we should decline to exercise our discretion to affirm on this alternative ground. *See Watson*, 766 F.3d at 1235, 1236 n.12. We conclude that although it came close, the government did not waive this argument. But it did forfeit

---

(rendering the unconstitutionality of the residual clause irrelevant). He therefore would not be actually innocent of violating § 924(c).

[5] Hall also advances a third reason, contending that the government should be judicially estopped from arguing for divisibility because it argued in a separate case that § 1513(b) is not divisible. But in his reply brief, Hall concedes that judicial estoppel does not apply here, and we thus do not consider it.

it, and we ultimately decline to exercise our discretion to reach its forfeited argument and therefore decline to affirm on an alternative ground.

## I.    Waiver

To demonstrate waiver, Hall must show that the government "knowingly and intelligently relinquished" its divisibility argument. *Wood v. Milyard*, 566 U.S. 463, 470 n.4 (2012). In attempting to do so, Hall points to (1) the government's response to his Eighth Status Report, (2) our refusal to consider one of the government's arguments in *Bowen*, (3) the government's silence while this case was abated, and (4) unfair prejudice. But none of these arguments support a finding of waiver.

Hall first argues that the government waived its divisibility argument in its response to his Eighth Status Report. Recall that in this report, Hall argued that despite the Supreme Court's decision in *Davis*—which held that § 924(c)'s residual clause is unconstitutionally vague—abatement remained appropriate because *Davis* did "not definitively resolve this case." Eighth Status Report 2; *see also Davis*, 139 S. Ct. at 2236. More specifically, he noted that because the government argued Hall and Bowen's § 924(c) convictions were valid under the elements clause, *Davis*'s conclusion that its residual clause is unconstitutional was not dispositive. Hall continued: "But this Court's decision in *Bowen* (assuming it is precedential) should definitively resolve [Hall's] case and render this appeal appropriate for summary disposition." Eighth Status Report 2. We asked the government to respond and "stat[e] its position regarding the continued abatement of this appeal." Min. Order, June 27, 2019. In its response, the government wrote that "[f]or the reasons stated in

6

[Hall's] status report, the United States agrees that this case should remain abated pending this [c]ourt's issuance of a decision in *Bowen*." Resp. to Eighth Status Report 1.

Hall argues that by using this language, the government effectively agreed that *Bowen* would control the result in this case and thereby waived any argument it did not raise in *Bowen*. But the government maintains that when it agreed with continued abatement "[f]or the reasons stated in [Hall's] status report," it was not agreeing to find *Bowen* dispositive in this case. *Id.* Instead, the government asserts, the "reasons" it referred to in its response were the reasons that Hall provided in his status report supporting continued abatement after *Davis*. *Id.* That is, the government contends that it merely agreed continued abatement was appropriate because (1) *Davis* did not address whether § 1513(b) satisfied § 924(c)'s elements clause and (2) the government argued here (and in *Bowen*) that it does.

Although it is a close call, we do not read the government's response as an "intentional relinquishment or abandonment of" the ability to raise any argument here that it did not raise in *Bowen*. *United States v. Tingey*, 716 F.3d 1295, 1301 (10th Cir. 2013) (quoting *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1077 (10th Cir. 2009)). In his status report, Hall did state that *Bowen* would be dispositive. And the government's response agreed with the "reasons" in Hall's status report. Nevertheless, the government did not expressly agree that *Bowen* would control the result in this case. Resp. to Eighth Status Report 1. Thus, we do not conclude that the government's omission of the divisibility argument in its response amounted to an

7

"intentional relinquishment or abandonment of" that argument. *Tingey*, 716 F.3d at 1301 (quoting *Creative Consumer Concepts*, 563 F.3d at 1077).

Second, Hall argues that *Bowen* requires us to find waiver because there, we declined to consider an argument in analogous circumstances. But *Bowen* is not analogous on this point. There, the government represented that if the Supreme Court found § 924(c)'s residual clause unconstitutional, "Bowen would be able to satisfy § 2255's statute of limitations" because he would be "actually innocent." *Bowen*, 936 F.3d at 1097 n.2 (quoting Aplee. 28(j) Letter, Aug. 27, 2018). The government then attempted to raise a new timeliness argument unrelated to actual innocence. *Id.* The court declined to consider this new argument and "proceede[d] according to the parties' prior agreement concerning actual innocence." *Id.* This case lacks any similar prior agreement: as just discussed, the government never expressly agreed with Hall that it would consider *Bowen* dispositive. Thus, *Bowen* does not support finding waiver here.

Third, Hall contends that the government waived its divisibility argument because its general silence during abatement was strategic. Indeed, the government admits on appeal that it expected *Bowen* to control here, presumably in its favor. But in arguing for inferred waiver, Hall relies on cases where a party had an obligation to speak but did not. *See, e.g.*, *United States v. Hubbard*, 638 F.3d 866, 870 (8th Cir. 2011) (finding defendant "waived his right to testify by remaining silent after his trial counsel rested without calling him as a witness"); *Holmes v. Elgin, Joliet & E. Ry. Co.*, 18 F.3d 1393, 1398 (7th Cir. 1994) (finding waiver when party "had several

8

opportunities to object to the remarks it found inappropriate but . . . chose not to object until the jury returned an adverse verdict"). Here, the government agreed that the case should be abated, and it did not have an obligation to explain the reasons it believed abatement was proper until this court requested a response to Hall's Eighth Status Report. And, as noted above, the government did not expressly waive its divisibility argument in this response. We therefore decline to infer waiver from the government's silence during abatement.

Finally, Hall asserts that he would be unfairly prejudiced in the absence of a waiver finding. Specifically, he contends that he moved for abatement only because "he understood that his case was a re-run of *Bowen*." Aplt. Br. 23. But Hall's understanding that *Bowen* would control did not create an intentional relinquishment of a contrary argument on the government's part. In short, we do not find that this or any of Hall's other arguments demonstrate that the government intentionally abandoned any argument that would render *Bowen* nondispositive. Thus, the government did not waive its divisibility argument.

## II.    Forfeiture

Although the government did not waive its divisibility argument, it did forfeit this argument by failing to raise it below. *See United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) (explaining that forfeiture occurs when party does not raise argument before district court). Indeed, the government concedes forfeiture. But it points out that we can affirm the district court "on any ground adequately

9

supported by the record." *Watson*, 766 F.3d at 1235. And it asks us to exercise our discretion to do so here, and to thereby reach and accept its new argument.

We consider three factors when deciding whether to affirm on an alternative ground: "whether the ground was fully briefed and argued here and below, whether the parties have had a fair opportunity to develop the factual record, and whether, in light of . . . [the] uncontested facts, our decision would involve only questions of law." *Id.* at 1236 n.12 (quoting *Harvey v. United States*, 685 F.3d 939, 950 n.5 (10th Cir. 2012)). Particularly relevant here, the first factor considers whether the party "fully briefed and argued" the issue below. *Id.* In other words, forfeiture—and our accompanying discretion to overlook it—is relevant when deciding whether to exercise our discretion to affirm on alternative grounds.[6] *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008) (declining to "stat[e] a general principle to contain appellate courts' discretion" to consider arguments that parties fail to raise below); *Ryder v. United States*, 515 U.S. 177, 185 n.4 (1995) (reversing court below and "declin[ing] to reach" "alternative grounds for affirmance which the [g]overnment did not raise below"); *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011) ("Although this court may affirm on any ground apparent in the record, affirming on legal grounds not considered by the trial court is disfavored." ).

As the government correctly notes, it meets the second and third factors of our affirm-on-other-grounds standard: the question is purely legal and no further factual

---

[6] In other procedural postures, our discretion to overlook forfeiture is cabined by plain-error analysis. *See, e.g.*, *Teague*, 443 F.3d at 1314.

10

development is necessary to decide the issue. *Watson*, 766 F.3d at 1236 n.12. But it does not meet the first factor, as it did not raise this argument below. The government urges us to overlook this forfeiture and nevertheless affirm on alternative grounds because society has a strong interest in the finality of convictions.

It is true that the habeas framework reflects finality interests. *See Prost v. Anderson*, 636 F.3d 578, 582–83 (10th Cir. 2011). But the cases the government cites to support this proposition involve the threshold question of whether a court should allow petitioners who have already collaterally challenged their sentence once to do so again. *See id.* at 579–80 (affirming denial of § 2241 petition because petitioner already collaterally challenged conviction with § 2255 motion and did not show that § 2255 collateral-review process was "inadequate or ineffective" (quoting § 2255(e)); *Daniels v. United States*, 254 F.3d 1180, 1184 (10th Cir. 2001) (denying petitioner's successive § 2255 motion). The government does not explain how the finality interest underlying the statutory limit on successive petitions relates to our analysis here, where there is no doubt that this is Hall's first § 2255 motion.

Moreover, the government's finality argument has no limiting principle. It suggests that we should *always* consider an argument to maintain a valid conviction and thus should *always* excuse the government's forfeiture in habeas cases. This, however, is not the rule. The principles of waiver and forfeiture apply to the government in habeas cases, and embracing the government's argument here would depart substantially from these principles. *See United States v. Miller*, 868 F.3d 1182, 1185–86, 1186 n.2 (finding that government forfeited argument in habeas case and

11

applying appropriate analysis to determine if court should reach argument); *cf. Wood*, 566 U.S. at 472 ("[A] federal court does not have carte blanche to depart from the principle of party presentation basic to our adversary system." (italicization omitted)). Thus, we reject the government's argument that principles of finality militate in favor of considering its divisibility argument.

Moreover, the government's conduct during abatement weighs heavily against considering this argument. Although the government's conduct did not amount to an intentional relinquishment or abandonment, both its response to Hall's Eighth Status Report and general silence during abatement strongly suggested to Hall, to the district court, and to this court that the government would find *Bowen* dispositive.[7] Thus, we are further disinclined to excuse the government's forfeiture.

In sum, we are not persuaded by the government's arguments in favor of overlooking its forfeiture in order to affirm on an alternative ground. *See Rimbert*, 647 F.3d at 1256 ("[A]ffirming on legal grounds not considered by the trial court is disfavored.").[8]

## Conclusion

---

[7] Indeed, the district court released Hall on bond while this appeal was pending, reasoning that Hall's claim "is essentially identical to the claim resolved in favor of" Bowen and concluding that "Hall has shown a clear case on the merits of his post-conviction motion." Order Granting Mot. for Release on Bond & Order Setting Conditions of Release, 4.

[8] We note that the divisibility of § 1513(b) remains an open question. In *Bowen*, we "assum[ed] without deciding" that it is not divisible, noting that the district court assumed as much and "neither party rais[ed] the issue" on appeal. 936 F.3d at 1102 n.5. Thus, the government is free to make this divisibility argument in a future case.

We decline to consider the government's forfeited divisibility argument. Thus, under *Bowen*, Hall is not guilty of violating § 924(c)'s elements clause. *See Bowen* 936 F.3d at 1101. And § 924(c)'s residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2236. Accordingly, Hall is actually innocent of violating § 924(c). And because the government stated it would waive any procedural defenses if Hall is actually innocent, we do not consider his motion either untimely or procedurally barred, and he is entitled to habeas relief. We therefore reverse the district court's order and remand with instructions to vacate Hall's § 924(c) conviction.[9]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[9] The government asks us to remand for resentencing in the event that we vacate Hall's conviction. We decline to do so, particularly in light of the district court's recent order granting Hall's motion for release on bond while this appeal was pending. Indeed, at the time of his release, Hall had fully served his sentences for witness retaliation and had served six of the seven years of his § 924(c) conviction.

13