# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3061
_____

United States of America

*Plaintiff - Appellee*

v.

Chad M. Saeugling

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: September 21, 2020
Filed: October 20, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Chad M. Saeugling pleaded guilty in 2016 to one count of mail fraud in violation of 18 U.S.C. § 1341 and two counts of making a false statement to a financial institution in violation of 18 U.S.C. § 1014. Saeugling appealed his 78-month sentence, and we affirmed. United States v. Saeugling, 710 F. App'x 724

(8th Cir. 2018) (per curiam).  As part of his plea agreement, Saeugling agreed to pay Berkley FinSecure (BFS) $423,025.52 in restitution, which was required under the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663 et seq.  Saeugling did not challenge the restitution order.

In August 2019, Saeugling sent a letter to the Clerk of Court for the Northern District of Iowa.  He represented that he had reached a settlement with BFS, in which he agreed to pay $25,000 and BFS agreed to release any claim to further restitution. Saeugling asked for "a receipt showing that my restitution shows paid in Full and Balance showing zero."  The letter was docketed as a "pro se Motion to Reduce Sentence."

The district court[1] treated Saeugling's letter as a motion to reduce the amount of restitution from $423,025.52 to $25,000.  In denying the motion, the court reasoned that the restitution order was entered in accordance with the plea agreement between Saeugling and the government.  Thus, any settlement between Saeugling and BFS could not affect the court's order or the plea agreement.  Saeugling appeals from the district court's ruling.

We reject Saeugling's argument that the district court improperly recharacterized his letter as a motion to reduce sentence.  Federal courts need not apply the label that a pro se litigant attaches to a pleading and may instead recharacterize the pleading in order to place it within a different legal category. Castro v. United States, 540 U.S. 375, 381 (2003); see Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) ("[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

framework."). Saeugling's letter identified his case by case number and asked the court to issue a receipt showing that his restitution was paid in full—in effect asking the court to find that his $25,000 payment to BFS satisfied his $423,025.52 restitution order. We find no error in the recharacterization of Saeugling's letter as a motion to reduce sentence. See N.D. Iowa Local Rule 7(a) (defining the term "motion" as any application or request for court action); cf. Tidelands Marine Serv. v. Patterson, 719 F.2d 126, 128 n.3 (5th Cir. 1983) (recharacterizing an order according to its substance because "[t]hat which looks like a duck, walks like a duck, and quacks like a duck will be treated as a duck even though some would insist upon calling it a chicken").

In Castro, the Supreme Court held that a district court must notify a pro se litigant of its intent to recharacterize a pleading as a motion under 28 U.S.C. § 2255. 540 U.S. at 383. Because recharacterization as a § 2255 motion can "make it significantly more difficult for that litigant to file another [§ 2255] motion," notice of the court's intent is necessary to allow the litigant the opportunity to amend or withdraw the motion. Id. at 382 (citing, among other cases, Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002)). The notice requirement does not apply in this case, however, because, as Saeugling concedes, his motion to reduce sentence is not a § 2255 motion. Moreover, the district court's denial of the motion to reduce sentence does not make it more difficult for Saeugling to file a § 2255 motion.

The order denying the motion to reduce sentence is affirmed.

_____