# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3229

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Michael Angelo Borromeo, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 16, 2011
Filed: September 30, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

In February 2009, fifteen-year-old J.A.B. reported to school officials that she had been raped by Michael Borromeo, the leader of her scout troop who had lived with J.A.B.'s family during the summer of 2007. An investigation uncovered lascivious photographs of J.A.B. and her thirteen-year-old sister on Borromeo's cell phone and computer and a pornographic video depicting J.A.B. and an adult male. The investigators learned that Borromeo had sexually abused J.A.B. since late 2007, abuse that included oral, vaginal, and anal sex. Borromeo admitted the accusations and was charged with seven counts of child pornography offenses. After Borromeo's arrest, his twelve-year-old daughter, O.M.B., reported that he had sexually abused her

regularly for six years, including vaginal and anal sex, and that she had been present when Borromeo had sex with J.A.B.

Borromeo pleaded guilty to one count of producing child pornography in violation of 18 U.S.C. § 2251(a). The plea agreement included sentencing stipulations that produced an advisory guidelines range of 262-327 months in prison but were not binding on the district court. The subsequent Presentence Investigation Report (PSR) applied a multiple victims upward adjustment and the offense level prescribed for repeat and dangerous sex offenders against minors, resulting in a recommended guidelines sentence of life in prison. At sentencing, Borromeo withdrew his objections to the PSR's fact recitations, and neither party objected when the district court[1] adopted the guidelines determinations recommended in the PSR. This resulted in an advisory guidelines range of 360 months, the statutory maximum sentence. See 18 U.S.C. § 2251(e); U.S.S.G. § 5G1.1(a).

Both parties urged the court to vary downward to the plea agreement range. The government urged a 327-month sentence, the top of that range; Borromeo urged 262 months, the bottom of that range. J.A.B. and members of her family opined in victim impact statements that life in prison was the only way to protect other children from Borromeo. The district court sentenced him to 360 months in prison, the guidelines sentence. Borromeo appeals, arguing the court imposed a substantively unreasonable sentence. We review this issue under the abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). The within-guidelines sentence is presumptively reasonable on appeal. See Rita v. United States, 551 U.S. 338, 347 (2007). We affirm.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

"A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted). Borromeo does not argue that the district court failed to consider a relevant factor or gave significant weight to an improper or irrelevant factor. Rather, he argues the court gave too much weight to the seriousness of his offense and the uncharged abuse of other minors, and too little weight to mitigating circumstances, namely, his unfortunate personal history and the fact that he did not distribute the child pornography.

At sentencing, the district court expressly considered the sentencing position memoranda and arguments presented by both parties, received victim impact statements, and then stated at length its reasons for the sentence imposed. The court described in detail why Borromeo was guilty of "criminal conduct of a severity that we don't see very often," making him "a danger to the community in a way that is extreme." The court acknowledged that Borromeo had "a very difficult upbringing" in which he himself was victimized. "And it's true, as your lawyer says, that victims often become perpetrators. But the cycle of violence has got to stop somewhere, and you created three more victims in this case."

The court then considered Borromeo's argument that the statutory maximum sentence was unwarranted because he did not share or distribute the pornographic images he produced. The court acknowledged that "the victimization would be much more severe" had the images been distributed but noted that this factor was "counter-balanced by the extreme harm and the fact that these victims are never, ever, ever going to recover." The court concluded: "this is one of those cases where the statutory maximum is the right sentence for you. . . . I just don't think anything less is going to protect the public or adequately punish you for these really extraordinarily egregious crimes."

Having carefully considered the totality of the circumstances revealed by the sentencing record, we have no difficulty concluding that this is not the "unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." Feemster, 572 F.3d at 464 (quotation omitted). The district court considered all the mitigating circumstances urged by Borromeo and concluded, not unreasonably, that they were outweighed by the seriousness of the offense and the special relationships with the child victims that Borromeo had fostered and then abused. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). The victim relationships that Borromeo manipulated, the severe danger he presents to the public, and the repetitive nature of his egregious crimes are "precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts." Feemster, 572 F.3d at 464 (quotation omitted). There was no abuse of the district court's substantial sentencing discretion.

The judgment of the district court is affirmed.

_____