# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3553

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Selvis Garcia-Alvaro, also known | * | |
| as Carlos Enrique Maldonado, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 16, 2012
Filed: April 23, 2012

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Selvis Garcia-Alvaro, a citizen of El Salvador, pled guilty to illegally reentering the United States after being removed following the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced Garcia-Alvaro at the top of his advisory Guidelines range to 51 months' imprisonment. Garcia-Alvaro appeals, asserting that his within-Guidelines sentence is substantively unreasonable because, although the district court considered

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

appropriate sentencing factors, the court committed a clear error of judgment when it weighed such factors.  We affirm.

Under our deferential abuse-of-discretion standard, "it will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable."  United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted).  Where, as here, the sentence is within the advisory Guidelines range, we accord the sentence a presumption of reasonableness.  United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011).  The district court sentenced Garcia-Alvaro at the top of the advisory Guidelines range based, in part, on the particularly egregious facts underlying Garcia-Alvaro's 2001 state conviction for attempted second-degree sexual assault of a child.  Garcia-Alvaro contends that the district court should have given less weight to his 2001 conviction because (1) there were mitigating facts surrounding the attempted sexual assault; (2) he was already punished in state court for the crime; (3) his offense level was increased 16 levels due to the conviction, see U.S.S.G. § 2L1.2(b)(1)(A)(ii); and (4) the conviction factored into his criminal history category.  But, the district court had "wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in [this] case and assign some factors greater weight than others in determining an appropriate sentence."  Borromeo, 657 F.3d at 757 (quotation omitted).  And, the district court was permitted to emphasize, among other factors, the abhorrence of Garcia-Alvaro's attempted sexual assault to determine an appropriate sentence under § 3553(a), even though the Guidelines already took into account his conviction for the offense.  United States v. Hubbard, 638 F.3d 866, 870-71 (8th Cir. 2011).  After a careful review of the sentencing record, we hold that Garcia-Alvaro has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court.

_____