# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2631

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Southern District of Iowa.
Phana Parsypo, also known as　　　*
Phana Thonethevaboth,　　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　 *

_____

Submitted: March 12, 2012
Filed: June 8, 2012

_____

Before MELLOY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellant Phana Parsypo pled guilty to being a felon in possession of a firearm and ammunition, and the district court[1] sentenced him to 70 months imprisonment. Parsypo appeals, arguing the district court erred by denying his request for a downward departure and a downward variance. We affirm.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Police arrested Parsypo on September 13, 2010, after Andrew Burciaga provided investigators with information that Parsypo was responsible for firing a handgun toward the residence of Shane Reinier and a vehicle parked in front of Reinier's house. When interviewed, Parsypo admitted firing the shots. A search warrant executed at Parsypo's residence revealed .22 caliber ammunition. Police also executed a search warrant at Burciaga's residence and found a Colt .22 caliber pistol.

Parsypo was charged along with Burciaga, who had driven Parsypo to the Reinier residence, in a one-count indictment for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Both Parsypo and Burciaga pled guilty. The district court sentenced Burciaga to 57 months imprisonment. The court sentenced Parsypo to 70 months imprisonment, which was at the bottom of his advisory Sentencing Guidelines range of 70 to 87 months.

Parsypo raises two arguments on appeal. He first argues the district court erred in declining to depart downward from the Guidelines range. Our court is without authority to review this claim, however, because Parsypo does not contend the district court was unaware of its authority to depart or that it failed to depart based on an unconstitutional motive. See United States v. Brown, 627 F.3d 1068, 1074 (8th Cir. 2010), cert. denied, 132 S. Ct. 274 (2011); United States v. Anderson, 570 F.3d 1025, 1034 (8th Cir. 2009).

Parsypo next contends that his sentence is substantively unreasonable because the district court failed to grant Parsypo a downward variance based on his childhood abuse, his history of addiction, and the need to avoid unwarranted sentencing disparity with his co-defendant Burciaga. "We do have authority to review the court's refusal to grant a downward variance for abuse of discretion." Brown, 627 F.3d at 1074. Parsypo's sentence was within the Guidelines sentencing range and is presumptively reasonable. See United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011). However, a sentence may yet be unreasonable if the district court "fails to consider

a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007).

After reviewing the sentencing transcript, we do not agree with Parsypo that the district court abused its discretion in declining to vary downward. The district court indicated that it had listened to Parsypo's allocution in which Parsypo told the court about his addiction to drugs and alcohol and the physical abuse he suffered at the hands of his father. The court then engaged in a colloquy of Parsypo focusing on Parsypo's need for continued substance abuse treatment. Prior to pronouncing Parsypo's sentence, the court stated it had considered each of the sentencing factors under 18 U.S.C. § 3553(a), explicitly noting the seriousness of Parsypo's offense of firing toward a residence, Parsypo's extensive criminal history, and the need for adequate deterrence and to protect the public. The court also noted that it would "weigh heavily the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct." However, we note that Parsypo and Burciaga differed in that Parsypo's criminal history category rating was two points higher because he was on probation at the time of the offense and Parsypo actually fired the shots at the Reinier residence. Accordingly, the district court adequately considered the section 3553(a) factors and did not abuse its discretion in declining to apply a variance.

We affirm.

_____