# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2166

_____

United States of America

*Plaintiff - Appellee*

v.

Donald Wayne Bleckler, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 16, 2013
Filed: March 28, 2013
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Following one victim's report of sexual abuse to her mother, a forensic analysis of 52-year-old Donald Wayne Bleckler's computers revealed home-made videos of Bleckler sadistically torturing three members of his extended family who were each under the age of ten, and more than 600 images of child pornography. Bleckler pleaded guilty to three counts of producing child pornography and one count of

possessing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B). The statutory maximum sentence for each count of producing child pornography was 30 years in prison, see § 2251(e), and for the possession count was 10 years, § 2252A(b)(2). The Presentence Investigation Report ("PSR") calculated an adjusted total offense level of 43. The Probation Officer recommended maximum consecutive sentences on each count, or a total of 1200 months in prison.

At sentencing, Bleckler urged a 360-month sentence based on his age, failing health, and acceptance of responsibility. The government urged a 1080-month sentence, emphasizing the egregiousness of the offenses. The district court[1] sentenced Bleckler to 660 months, 200 months for each production count and 60 months for the possession count, all to run consecutively. The court emphasized the uniquely severe nature of Bleckler's offense and the need to provide adequate deterrence and just punishment for each victim:

> [U]nfortunately, we've had a number of people stand there who have . . . done what Mr. Bleckler did but nobody to the extent that he did. It stands out. His conduct is uniquely horrific . . . .

Bleckler objected to the sentence, reiterating the mitigating aspects of his personal history. The court responded:

> Understood. It's the Court's determination, given the nature and circumstances of the offense, the number of victims, the horrific and egregious repeated conduct with those victims, that when you balance all the sentencing factors that it's not substantively unreasonable and it is sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing.

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Bleckler appeals, contending the court imposed a substantively unreasonable sentence that overemphasized his offense conduct and failed to adequately consider substantial mitigating circumstances such as his age, failing health, clean criminal record, and prompt acceptance of responsibility. Reviewing this contention under a deferential abuse of discretion standard, and "tak[ing] into account the totality of the circumstances," Gall v. United States, 552 U.S. 38, 51 (2007), we affirm. As we have often stated, "The district court has wide latitude to weigh the § 3553(a) [sentencing] factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Borromeo, 657 F.3d 754, 757 (8th Cir. 2011) (quotations omitted). Here, the court considered the mitigating circumstances urged by Bleckler in conjunction with other relevant sentencing factors and sentenced him to 660 months in prison, a 45 percent reduction from the recommended sentence. Without question, this is a severe sentence, in all likelihood a life sentence for a 53-year-old man with health issues. But his crimes against three young members of his extended family were repetitive and truly heinous. After careful review of the sentencing record, we conclude that this is not "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotations omitted).

The judgment of the district court is affirmed.

_____

-3-