# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2222

_____

United States of America

*Plaintiff - Appellee*

v.

Walter Richard Roberts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: December 16, 2013
Filed: April 3, 2014

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In February 2012, an adult man notified Texarkana, Arkansas, police that Walter Richard Roberts, a long-time youth baseball coach, had sexually abused the man on more than 100 occasions between 1986 and 1992, when the victim was between 9 and 14 years old. An investigation revealed that Roberts had abused many other boys. On one occasion in 1988 or 1989, Roberts sexually abused one boy on a fishing trip that crossed the Arkansas border into Texas. As that offense was within

the applicable federal statute of limitations, Roberts was charged with and pleaded guilty to one count of transporting a minor in interstate commerce with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). The district court,[1] varying upward, sentenced Roberts to 120 months in prison, the statutory maximum for a violation of § 2423(a) at the time Roberts committed the offense. Roberts appeals the sentence. We affirm.

## I. An Ex Post Facto Clause Issue.

At sentencing, using the 1992 version of the Sentencing Guidelines, as the parties had agreed, the district court determined that his advisory guidelines range was 63 to 78 months in prison. The government urged an upward departure or variance based on aggravating factors and the victims' psychological injury. The government noted that, at the time of sentencing, a violation of § 2423(a) was punishable by a prison term of ten years to life, and the advisory guidelines range was 262 to 327 months in prison. The district court imposed an upward variance. In the course of a lengthy explanation for imposing the statutory maximum 120-month sentence, the court stated, "The maximum sentence you can serve is 10 years, but if you committed this crime today, you would be facing a much longer sentence."

The Constitution's *ex post facto* clause, Art. I, § 9, cl. 3, is violated when the retroactive application of a change in the law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Garner v. Jones, 529 U.S. 244, 250 (2000) (quotation omitted). Roberts argues for the first time on appeal that the district court's reference to the increased punishment he would face if he committed the crime today demonstrates that intervening amendments to the

---

[1] The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

Guidelines subjected him to a "substantial risk" of increased punishment. This contention is without merit.

At the time of Roberts's sentencing, there was disagreement among some circuits whether the *ex post facto* clause barred *applying* subsequent amendments to the now-advisory Guidelines. The Supreme Court resolved that conflict in <u>Peugh v. United States</u>, concluding that "[a] retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." 133 S. Ct. 2072, 2084 (2013). However, the court explained, although "application of a higher Guidelines range violates the *Ex Post Facto* Clause, sentencing courts will be free to give careful consideration to the current version of the Guidelines as representing the most recent views of the agency charged by Congress with developing sentencing policy. . . . The newer Guidelines [will be] one of many reasons a district court might give for *deviating* from the older Guidelines." <u>Id.</u> at 2087 (emphasis in original). Here, the district court *applied* the Guidelines the parties agreed were in effect at the time of Roberts's offense in determining his advisory range, and then it *considered* the current Guidelines in determining the final sentence. Thus, the court perfectly anticipated the decision in <u>Peugh</u>. There was no error, much less plain error.

## II. Abuse of Sentencing Discretion.

Roberts argues the district court abused its sentencing discretion by failing adequately to explain a substantively unreasonable sentence. The failure-to-explain contention is frivolous. The court's explanation of its upward variance, which took up more than three pages of the sentencing transcript, came after three victims and two of their fathers testified to Roberts's extensive abuse of many young boys and the extreme, long-lasting emotional and psychological injuries he inflicted on his young victims. The court noted that Roberts as baseball coach, family friend, and family member had for many years "surrounded himself with young boys" and "put himself

in a position of authority where he would be trusted and respected by these boys so he could abuse them." His victims were of "an age when the child was naive, and therefore most vulnerable to a person in a position of trust," making Roberts nothing less than "a predator" whose actions "had a substantial and long-lasting impact on [the victims], on their families and on this community as a whole." The court concluded that the guidelines range of 63 to 78 months failed to "adequately reflect[ the 18 U.S.C. §] 3553 criteria" of deterring Roberts from abusing young children and protecting society from these serious crimes.

This explanation was more than sufficient "to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Hill, 552 F.3d 686, 691 (8th Cir. 2009) (quotation omitted). Indeed, as Roberts did not make a timely objection to the court's explanation, we should deem the issue waived. See United States v. Krzyzaniak, 702 F.3d 1082, 1085 n.3 (8th Cir. 2013).

Roberts further argues that the district court abused its discretion by imposing a substantively unreasonable sentence that gave too much weight to the increased punishment authorized in the current statute and Guidelines; too little weight to his advisory guidelines range; and too little weight to mitigating factors -- Roberts's clean criminal record, military and community service, and role as a good father and family provider. Our review of the substantive reasonableness of a sentence for abuse of discretion is highly deferential. "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted). As we have often stated, "a sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others," United States v. Lozoya, 623 F.3d 624, 627 (8th Cir. 2010) (quotation omitted). After careful review of the extensive sentencing record, we conclude there was no abuse of the district court's wide sentencing

-4-

discretion.  See, e.g., United States v. Borromeo, 657 F.3d 754, 756-57 (8th Cir. 2011).

The judgment of the district court is affirmed.

_____