# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3852

_____

United States of America

*Plaintiff - Appellee*

v.

Mark David McGinley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 17, 2016
Filed: February 27, 2017
[Unpublished]

_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Mark David McGinley pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). The government dismissed 23 other counts charging child pornography production, distribution, and possession.

At sentencing, the district court[1] overruled McGinley's objection and imposed a five-level adjustment, finding that he is a Repeat and Dangerous Sex Offender Against Minors.  See U.S.S.G. § 4B1.5(b).  This resulted in a total offense level of 43, the highest possible, and an advisory guidelines range of 360 months in prison, the statutory maximum sentence.  The court imposed a 360-month sentence.  McGinley appeals the sentence, arguing the district court procedurally erred by failing to make an explicit finding that he presents a continuing danger to the public, as the background commentary to § 4B1.5 requires, and by failing to consider and explain the 18 U.S.C. § 3553(a) sentencing factors.  We affirm.

After law enforcement downloaded over 4,000 child pornography images from an IP address registered to McGinley, officers seized computer equipment during a warrant search of his residence.  Review of that equipment yielded over 100,000 images of child pornography, over 4,000 pictures McGinley took of minor girls in his neighborhood from 2010 to 2013, and a folder entitled "Homemade" organized into 16 subfolders depicting McGinley sexually abusing a prepubescent girl.  McGinley admitted the "Homemade" images depicted abuse of his then-eight-year-old niece.  When interviewed, the niece told law enforcement that the incidents occurred on multiple occasions when her brother was not present, McGinley bribed her, and he asked her to keep their contacts secret.  McGinley then admitted abusing his niece on three occasions and videotaping the abuse over a one-and-a-half year period from 2003 to 2005.  He said he digitized and saved the images for over 10 years so he would not need to "find" other victims.

**A.**  The § 4B1.5(b) adjustment applies if "the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct."  McGinley's offense was a covered sex

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

crime, and his activity involved prohibited sexual conduct.  See § 4B1.5 cmt. n.2 & n.4(A).  He "engaged in a pattern of activity" because he admitted that he engaged in prohibited sexual conduct with a minor on at least two occasions.  Id. at cmt. n.4(B).  Thus, the record makes clear that McGinley committed a covered sex crime and engaged in a pattern of activity involving prohibited sexual conduct.

On appeal, McGinley argues the district court erred because there is no express finding, as the background commentary to § 4B1.5 requires, that he "present[s] a continuing danger to the public."   This contention is without merit.  The findings required in applying § 4B1.5(b) are found in the provision's application notes, not in the background commentary.  See United States v. Wardlow, 830 F.3d 817, 823-24 (8th Cir. 2016).  Moreover, the sentencing transcript makes clear that the district court did focus on whether McGinley presents a continuing danger to the public:

> And all we have to do is look at what you did physically to a very young, very vulnerable human being here to realize that you are a person who is dangerous, and that fear is an appropriate response to you.
>
> \* \* \* \* \*
>
> So that's the sentence. . . . I realize the danger . . . photographing your neighbor children and neighbors, I mean that's pretty creepy behavior, especially coming from somebody who is a pedophile and who has [distributed] all the child pornography.

The district court committed no clear error or procedural error in imposing the § 4B1.5(b) adjustment.

**B.**  McGinley next argues the district court procedurally erred by failing to consider and explain the § 3553(a) factors, focusing only on public safety, while ignoring a psychosexual evaluation showing that he is treatable and poses a low risk of recidivism.  McGinley failed to object to the district court's explanation at

sentencing, so this argument was not preserved. "We will not sustain a procedural challenge to the district court's discussion of the 18 U.S.C. § 3553(a) sentencing factors by a defendant who did not object to the adequacy of the court's explanation at sentencing." United States v. Maxwell, 778 F.3d 719, 734 (8th Cir.), cert. denied, 135 S. Ct. 2390, 135 S. Ct. 2827, 136 S. Ct. 176, and 136 S. Ct. 319 (2015).

Moreover, the district court's explanation at sentencing was more than adequate "to allow for meaningful appellate review." Gall v. United States, 552 U.S. 38, 50 (2007). The court reviewed the PSR, heard both parties argue the § 3553(a) factors, asked detailed questions, noted that the plea agreement allowed McGinley to avoid punishment for 23 other child pornography charges, compared McGinley's offense conduct with that of other child pornographers ("it couldn't be much worse than an eight-year old victim over multiple times"), and made the sentence concurrent with any state incarceration resulting from McGinley's abuse of his niece. See United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014); United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir.), cert. denied, 556 U.S. 1265 (2009). McGinley's "within-guidelines sentence is presumptively reasonable on appeal." United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011).

The judgment of the district court is affirmed.

_____

-4-