# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1537

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey L. Ducksworth

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2018
Filed: July 6, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jeffrey Ducksworth pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His six prior felony convictions placed Ducksworth in Criminal History Category VI, resulting in an advisory

guidelines sentencing range of 51 to 63 months imprisonment. The district court[1] varied upward and imposed a 72-month sentence. Ducksworth appeals, arguing the district court committed a clear error of judgment and imposed a substantively unreasonable sentence when it varied upward based on Ducksworth's criminal history. We affirm.

Ducksworth stole the firearm in question from a vehicle in Clay County, Missouri, on June 30, 2015. In July he stole a credit card from a vehicle in Platte County, and in August he attempted to use another stolen credit card at a gas station in Clay County. He pleaded guilty to state court offenses for the July and August thefts before being indicted for this firearm offense. At sentencing, the district court noted that Ducksworth had six state court felony convictions for non-violent offenses between 2005 and 2015; he served relatively short sentences and then resumed stealing when released. Recognizing that Ducksworth had taken responsibility and expressed remorse, and considering "all the other [sentencing] factors," the court imposed an upward variance "driven because of your criminal history and the need to protect the public and the need for deterrence." Ducksworth argues the court placed too much emphasis on his criminal history and failed to impose a sentence "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). However, "a sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others." United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014) (quotation omitted). There was no abuse of the district court's substantial sentencing discretion.

The judgment of the district court is affirmed.

_____

[1]The Honorable Greg Kays, Chief Judge of the United States District Court for the Western District of Missouri.