# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3340

_____

United States of America

*Plaintiff - Appellee*

v.

Buck Otto White, also known as Timothy Joseph Hoffman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2018
Filed: December 12, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Buck Otto White of two counts of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and two counts of possessing stolen firearms and ammunition, in violation of 18 U.S.C. § 922(j). The

district court[1] determined that White qualified as an armed career criminal, *see* 18 U.S.C. 924(e), and White's advisory sentencing guidelines range was 324 to 405 months. The district court varied downward and sentenced him concurrently on all four counts to a total term of 300 months' imprisonment and 5 years' supervised release. White later moved to vacate his sentence under 28 U.S.C. § 2255, arguing that he did not qualify as an armed career criminal. The district court granted the motion and vacated White's original sentence. White's revised guidelines range was 120 to 150 months' imprisonment. Upon resentencing, the district court varied upward and imposed a total sentence of 210 months' imprisonment. This consisted of concurrent sentences of 120 months for Counts 1 and 3 and concurrent sentences of 90 months for Counts 2 and 4, with the two concurrent sentences to be served consecutively. White now appeals, arguing that the revised sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Borromeo*, 657 F.3d 754, 756 (8th Cir. 2011). Because White's 210-month sentence exceeded his recommended guidelines range, we may not apply a presumption of reasonableness to the sentence, *see Gall*, 552 U.S. at 51, but it is an "unusual case when we reverse a district court sentence . . . as substantively unreasonable," *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009).

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

White argues that the court abused its discretion by imposing consecutive sentences at resentencing when it originally imposed concurrent sentences. He notes that the only difference between the two sentencing hearings was that he no longer qualified as an armed career criminal and claims that the district court "obviously sought to get as close as it felt it could get to an ACCA-like sentence . . . by using the tactic of consecutive sentences." But the sentencing record makes clear that the district court adequately explained the basis for White's revised sentence. The court observed that it initially varied downward and imposed a 300-month sentence because it thought that White's original guidelines range was too high. These same considerations led to the conclusion that White's revised guidelines range was too low. As the court stated, "So just as the guidelines before were too high, the guidelines . . . don't really take into account the full criminal history that you have."

White further argues that the facts of his case do not warrant a total punishment of 210 months' imprisonment. He maintains that he is not "a predatory offender, a violent offender, or a gang member" but simply "a life-long methamphetamine addict." But the sentence reflected White's long history of recidivism. As the court stated, "As people get to be over the age of 35, they don't commit crimes anymore. It's not really true in your case. It just goes back—it's very sad, you know, the start of your experience in the criminal courts and it just never really quits." For this reason, the court thought White posed "a danger to the community." White's extensive criminal history includes convictions for tying up and robbing three victims at gunpoint and for striking a police officer in the head with a closed fist. During this case, moreover, White absconded from pretrial supervision and led police on a high-speed chase on snow-covered roads through a densely populated area. We see no basis for finding the sentence unreasonable and conclude that the district court did not abuse its discretion.

For all these reasons, we affirm White's sentence.

_____