# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1838
_____

United States of America

*Plaintiff - Appellee*

v.

Jason David Chaney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: March 11, 2019
Filed: April 11, 2019
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jason Chaney pled guilty to possession with intent to distribute at least 50 grams of actual methamphetamine and 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The offense carried a 120-month statutory mandatory minimum term of imprisonment. The district court sentenced Chaney to 240 months' imprisonment.

Chaney appeals his sentence, arguing the district court[1] failed to provide an adequate explanation for the sentence, did not give sufficient weight to mitigating factors, and imposed a substantively unreasonable sentence. We affirm.

On appeal, Chaney does not challenge his conviction or the court's calculation of the United States Sentencing Guidelines ("Guidelines") range. Chaney's total offense level was 39 and he was in criminal history category IV, yielding an advisory sentencing range of 360 months to life. The court granted the government's motion for a downward departure, which reduced the low end of the Guidelines range to 270 months.

At sentencing, the court analyzed the factors set forth in 18 U.S.C. § 3553(a). The court noted as aggravating factors the nature and scope of the offense, Chaney's violent criminal history, his failure to remain law-abiding while on probation, and the risk of danger Chaney posed to officers when they executed a search warrant on his hotel room. The court also took into account the fact that it was Chaney's friend and co-defendant that had the connection to a source who had access to a large amount of methamphetamine in a very short period of time. The court varied downward from the advisory Guidelines range and imposed a sentence of 240 months' imprisonment, explaining that the primary purpose for the variance was to avoid unwarranted sentencing disparities.

Chaney argues the district court abused its discretion and imposed a substantively unreasonable sentence when it (1) failed to give more weight or a sufficient explanation regarding his asserted mitigating factors, and (2) "simply doubled the mandatory minimum ten-year sentence." The record is devoid of any evidence to support Chaney's doubling claim. As to the district court's consideration

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

of mitigating factors, when the district court varies below the advisory Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). After careful review of the record, we conclude the district court did not abuse its broad discretion in determining an appropriate sentence. See United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014).

The judgment of the district court is affirmed.

_____