# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1930

_____

United States of America

*Plaintiff - Appellee*

v.

Andre M. Henry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 15, 2019
Filed: May 13, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Andre M. Henry pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him

---

[1]The Honorable David Gregory Kays, then Chief United States District Judge for the Western District of Missouri, now United States District Judge for the Western District of Missouri.

to 103 months' imprisonment. On appeal, Henry argues the court imposed a substantively unreasonable sentence when it ignored evidence of substance abuse and placed too much weight on his criminal history. Henry also argues the improper weighing of the evidence amounted to a clear error in judgment. We affirm.

## I. Background

On October 27, 2016, the Kansas City, Missouri, Police Department responded to a report of an unresponsive person inside a vehicle. Law enforcement officers observed Henry walk around a vehicle that was parked on the roadway with the engine and headlights off. Henry then got into the driver's seat of the vehicle, leaving the driver's door open. One of the responding officers approached Henry and asked him what he was doing. Henry was unresponsive. The officer detected an odor he believed to be Phencyclidine (PCP). He instructed Henry to remove the keys from the ignition. After the keys were removed, the officer placed them on the roof of the vehicle.

Henry did not exit the vehicle when directed to do so. Instead, Henry began reaching underneath his body as if he was trying to get something he was sitting on. At this point, the officer saw a firearm on the seat underneath Henry. The officer drew his weapon and commanded Henry not to move. Henry was held against the seat by the officer while another officer entered the vehicle through the passenger's side door and retrieved the firearm. The firearm was a Lorcin, .380 caliber semiautomatic pistol loaded with seven rounds in the magazine. Henry appeared to be under the influence so an ambulance was called to the scene. Henry was transported to the hospital. The officers searched Henry's vehicle and found two cigarettes in a plastic bag that appeared to have been dipped in PCP on the driver's side floorboard. The Kansas City Police Crime Laboratory confirmed that the two cigarettes contained PCP.

Henry pled guilty to unlawful possession of a firearm by a convicted felon. He successfully objected to the Presentence Investigation Report's finding that he had two prior convictions for crimes of violence. At sentencing, the district court calculated an advisory sentencing range of 30 to 37 months' imprisonment, based on a total offense level of 15 and criminal history category IV. When determining the appropriate sentence, the court found there were several aggravating factors, including (1) the offense conduct; (2) Henry's criminal history; (3) the need to protect the public; and (4) Henry's continued criminal behavior at age 60. The court also considered the following mitigating factors: (1) Henry's acceptance of responsibility; (2) his eight years of military service; and (3) his honorable discharge from the Army National Guard. After weighing the factors set forth in 18 U.S.C. § 3553(a), the court varied upward from the advisory sentencing guidelines range and imposed a sentence of 103 months' imprisonment.

## II.   Discussion

Henry argues the sentence imposed by the district court is substantively unreasonable for two reasons: (1) the court ignored his substance abuse problem, which he contends was a significant mitigating factor, and (2) the court committed a clear error in judgment by focusing on his criminal history.

We begin our review of a sentence by determining whether the district court committed any significant procedural error. United States v. Thorne, 896 F.3d 861, 864 (8th Cir. 2018) (per curiam). If there was no procedural error, then we "review the substantive reasonableness of the sentence for an abuse of discretion, considering the totality of the circumstances and the extent of any deviation from the applicable Guidelines range." United States v. Cooke, 853 F.3d 464, 472 (8th Cir. 2017) (citing United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc)). "The district court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or

irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." Id.

While a procedural error may occur if the district court failed to adequately explain deviations from the applicable guidelines range, Cooke, 853 F.3d at 472, we find no such error in this case. The court noted the seriousness of the offense. Henry, under the influence of PCP, was sitting on a gun inside a car and was unable or unwilling to respond and/or cooperate with law enforcement officers. Henry then made a furtive movement to get the loaded gun located underneath him. The district court found this conduct coupled with Henry's criminal history was "just the recipe for someone to die on the street." In addition to Henry's prior felony controlled substance convictions, the court recounted Henry's history of assaulting and resisting police officers. The court expressed concern because Henry, at age 60, continued to be involved in using drugs and possessing guns. The court found Henry posed a threat to the community and had not demonstrated respect for the law. The court's explanation for varying upward had a reasoned basis and was supported by evidence in the record. We find no procedural error.

As to the reasonableness of the district court's upward variance, the district court was under no obligation to treat substance abuse as a mitigating factor, as Henry argues. The court's decisions to assign greater weight to certain § 3553(a) factors falls within the wide latitude given to individual district judges. United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). It was within the district court's discretion to consider Henry's substance abuse history an aggravating factor. It was also within the court's discretion to consider Henry's age and history of assaulting and resisting police officers aggravating factors. Contrary to Henry's arguments, escalation in criminal behavior and the nature and circumstances of a particular offense, alone, may be sufficient in certain circumstances to justify the sentence imposed. United States v. Godfrey, 863 F.3d 1088, 1100 (8th Cir. 2017). After careful review of the record, we conclude the district court did not abuse its broad

-4-

discretion in determining Henry's sentence.  See United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014).

## III.    Conclusion

We affirm the judgment of the district court.

_____