# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2797
_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Allen Manning

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 23, 2020
Filed: January 11, 2021
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ryan Allen Manning pled guilty to producing child pornography in violation of 18 U.S.C. § 2251(a) and (e). The district court[1] sentenced him to 250 months in

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

prison. He appeals the sentence and the denial of his motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Manning argues the district court substantively erred in varying upward and imposing a 250-month sentence (guidelines range was 180-210 months). This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Roberts*, 747 F.3d 990, 992 (8th Cir. 2014). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Borromeo*, 657 F.3d 754, 756 (8th Cir. 2011).

A sentence outside the guidelines range does not require "'extraordinary' circumstances." *Gall v. United States*, 552 U.S. 38, 47 (2007). Rather, the sentencing court's "justification" must be "sufficiently compelling to support the degree of the variance." *Id*. at 50. The district court gave ample reasons for the variance. In its detailed explanation, it said:

> Several aggravating factors persuade me that an upward variance is warranted.
>
> To begin with, Mr. Manning committed three distinct crimes against children:
>
> First, he possessed child pornography—6,700 images and 20 videos of child pornography. Mr. Manning's collection included images of children well under the age of 12 being sexually abused. Clearly, Mr. Manning received sexual satisfaction from watching young children being sexually abused, and clearly he spent a lot of time building and cultivating his collection.

Second, Mr. Manning personally sexually assaulted a child, specifically Minor A. Mr. Manning induced Minor A to touch his penis—and, it appears from the video, he touched her mouth with his penis.

Third, Mr. Manning produced child pornography by recording his abuse of Minor A and then keeping the recordings so that he could get sexual pleasure from watching it.

Another aggravating factor was the age of Mr. Manning's victim. Minor A had not yet reached the age of two when Mr. Manning recorded himself sexually assaulting her. To state the obvious, there is something extraordinarily depraved—and extraordinarily dangerous—about a man who looks upon a one-year-old and feels sexual desire for her. Although Minor B was, as far as the evidence in the record suggests, not the victim of a crime, the photographs that Mr. Manning took of Minor B make clear he also viewed her, a three-year-old, as a sexual object. In short, Mr. Manning is not only a predator, but he chooses as his prey the most helpless of the helpless.

Another aggravating factor is that whatever compulsion is driving Mr. Manning to seek out children and child pornography appears to be very strong. Law enforcement was initially tipped off to Mr. Manning because he was using Omegle, a notorious chat roulette service, to seek out child pornography on the internet. Mr. Manning initiated over 39,000 Omegle chats. In other words, Mr. Manning spent thousands of hours on Omegle, and he wasn't spending thousands of hours on Omegle because he wanted to chat about the weather or sports with random strangers across the globe.

The final aggravating factor that I would cite is that, in defiance of the conditions of his pretrial supervision, Mr. Manning had telephonic contact with Minor B. Mr. Manning was ordered by this Court not to have contact with any minor while under pretrial supervision, for obvious reasons. When Mr. Manning was on pretrial release, he should have been on his best behavior, given that he was facing federal child-pornography charges and the possibility of spending the rest of his life in prison. And yet he defied a court order and he had contact with Minor B. This suggests to me that he is at great risk of re-offending.

The district court also addressed Manning's argument about unwarranted sentencing disparities in-depth. The district court's justification was sufficient to support the variance. *Id.*

The district court did not abuse its discretion.

## II.

Manning believes the district court erred in denying his motion to suppress his statement to law enforcement. The government contends Manning waived appellate review of the issue.

A defendant's knowing guilty plea waives "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A valid guilty plea waives the right to appeal "all nonjurisdictional defects and defenses," including the denial of a motion to suppress evidence. *United States v. Smith*, 422 F. 3d 715, 724 (8th Cir. 2005). The only exception is a conditional plea that reserves "in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11 (a)(2).

Manning did not enter a conditional plea. Rather, he entered an unconditional guilty plea, preserving only the limited right to appeal a sentence greater than 210 months. The plea agreement and his statements during the plea colloquy show he understood the waiver of his rights and made them voluntarily. In the plea agreement, Manning stated that he "understands that by pleading guilty, he waives all rights to a trial or appeal on the question of guilt or innocence." At the plea hearing, he confirmed that he would "give up your right to appeal any decision that any judge has already made in your case."

-4-

Manning waived appellate review of this issue.

* * * * * * *

The judgment is affirmed.

_____